# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : C.A. No. 15-1190-LPS |
| SIX HUNDRED FOURTEEN THOUSAND THREE HUNDRED THIRTY-EIGHT DOLLARS AND NO CENTS ($614,338.00) IN UNITED STATES CURRENCY, | : |
| Defendant *in rem*. | : |

Charles M. Oberly, III and Lesley F. Wolf, U.S. ATTORNEY'S OFFICE, Wilmington, DE

    Attorneys for Plaintiff.

John P. Deckers, JOHN P. DECKERS, ESQ., Wilmington, DE

    Attorney for Claimant.

## MEMORANDUM OPINION

March 7, 2017
Wilmington, Delaware

**STARK, U.S. District Judge:**

Presently before the Court is Shawn Baker's motion to dismiss. For the following reasons, the Court will deny the motion.

## I. BACKGROUND

On June 16, 2015, the Drug Enforcement Administration ("DEA") seized $614,338.00 from Shawn Baker during a traffic stop.[1] (*See* D.I. 1 at ¶¶ 4-14; D.I. 16-1 at 8) The DEA subsequently initiated an administrative forfeiture action as required by the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 983, providing notice of seizure to Baker, dated August 10, 2015. (*See* D.I. 16-1 at 8) Baker submitted a claim of ownership under 18 U.S.C. § 983(a)(2), which was received by the DEA on August 31, 2015. (*See id.* at 10-11, 16) As relevant here, Baker swore under penalty of perjury that he "is the lawful owner of said Property and/or possessed the Property with the knowledge and consent of another person." (*Id.* at 11-12) The DEA, however, notified Baker by letter dated September 21, 2015, that his claim was defective for failing to properly state his interest in the property. (*See id.* at 19) The letter indicated that a "[c]laimant may not state his/her interest in the alternative," and provided Baker twenty days to cure the noted deficiency. (*Id.* at 19-20)

On October 12, 2015, Baker submitted a revised claim, which removed the and/or language and stated that he "owned and obtained and possessed the Property with the knowledge and consent of another person." (*Id.* at 31) Baker also commented that his "submission of a revised claim form . . . is not an admission by Claimant that the initial claim filed by him on

---

[1]The DEA also seized an additional $2,028.00 and some personal property, which were not included in the United States' civil forfeiture complaint and were returned to Baker. (*See* D.I. 17 at 3 n.1)

August 26, 2015 . . . was legally defective." (*Id.* at 28) Baker maintained that his earlier claim "comports with the law, specifically 18 U.S.C. § 983(a)(2)(C)(ii), and [the DEA] has failed to provide legal authority to state otherwise." (*Id.*) But Baker nevertheless supplied the revised documents "to expedite the processing of this claim." (*Id.*) The DEA received the claim on October 13, 2015. (*Id.* at 33)

Two actions in this Court relate to the DEA's seizure of Baker's currency. On December 15, 2015, Baker filed a motion under Federal Rule of Criminal Procedure 41(g), seeking return of $616,366.00 – the amount of currency at issue here plus the $2,028 that has now been returned to Baker. (*See* 15-mc-338-LPS D.I. 1) In that motion, Baker argued that the United States failed to file a civil judicial complaint within 90 days of receiving his claim, as required by 18 U.S.C. § 983(a)(3)(A). (*Id.* at ¶ 4) Baker contended that the relevant date from which to measure 90 days is August 31, 2015, the date the DEA received his first claim, which the DEA deemed defective. (*Id.* at ¶ 3)

The United States filed the complaint in the present case on December 22, 2015, seeking forfeiture of the seized currency, within the 90-day period starting from the date of Baker's second claim. (D.I. 1 at ¶ 1) Because the two actions concern the same seized currency, Baker stipulated to dismissing without prejudice the first action (*see* 15-mc-338-LPS D.I. 8), "[f]or purposes of judicial economy only" (D.I. 16 at 4).

## II. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but

2

whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a morion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

The parties agree that the issue presently before the Court – whether the government met the deadline for seeking forfeiture under 18 U.S.C. § 983 – turns on which one of Baker's claims triggers the 90-day period during which the government must file a complaint. If the first claim is operative, it is undisputed that the complaint here was filed after 90 days. But if the second claim is the effective one, then the complaint was timely filed.

As a threshold matter, Baker moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, alternatively, 56. (*See* D.I. 15 at 1) Several circuit courts have concluded that the deadlines imposed by 18 U.S.C. § 983(a) are claim-processing rules, not jurisdictional requirements. *See United States v. Vazquez-Alvarez*, 760 F.3d 193, 198 (2d Cir. 2014) (analyzing § 983(a)(1)(A)); *United States v. Wilson*, 699 F.3d 789, 795-97 (4th Cir. 2012) (analyzing § 983(a)(3)(A)); *see also Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 825 (2013).[2] Taking this view, that the requirement is non-jurisdictional, Rule 12(b)(6) – and not 12(b)(1) – is the proper avenue for dismissal of claims that do not comply with the statutory deadlines. *See Grp. Against Smog & Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 132 (3d Cir. 2016). With respect to whether this motion should be considered under Rule 56, although the parties rely on documents that Baker attached to his motion to dismiss, those documents – a notice of violation and property receipts from the date of the seizure, the notice of seizure sent by the DEA, Baker's August and October claims of ownership, and the DEA's September letter (*see* D.I. 16-1) – are undisputedly authentic and are integral underpinnings to the complaint. *See City*

---

[2] Neither the parties nor the Court have found a binding decision from the Third Circuit on this issue.

N/A

*of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Accordingly, the Court need not convert the motion to one for summary judgment to consider these documents.

Turning to the core dispute, 18 U.S.C. § 983 establishes a procedure by which the government may effect a civil forfeiture. First, subject to some exceptions, the government must send written notice to interested parties no more than 60 days after the date of the seizure. *See* 18 U.S.C. § 983(a)(1)(A)(i). After receiving notice, a person seeking to reclaim the seized property may file a claim with the appropriate official. *See id.* § 983(a)(2)(A). The statute sets forth three requirements for the claim: it must "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." *Id.* § 983(a)(2)(C). Then, no later than 90 days after a claim has been filed, the government must file a complaint for forfeiture. *See id.* § 983(a)(3)(A). In the event that the government does not file a complaint, or obtain a criminal indictment and take other steps to maintain custody of the property, "the government shall promptly release the property." *Id.* § 983(a)(3)(B).

Baker contends that his first claim included all of the statutorily-required elements, making it a valid claim that triggered the 90-day clock for the government to file a forfeiture complaint. (*See* D.I. 16 at 1) The government undisputedly did not file the complaint within 90 days from the receipt of Baker's initial claim. But the government maintains that Baker's initial claim did not clearly articulate his interest in the seized property, as required by § 983(a)(2)(C)(ii). *See United States v. Thompson*, 351 F. Supp. 2d 692, 694 (E.D. Mich. 2005). In particular, the government takes issue with Baker's use of an and/or statement to describe his interest: he stated that he "is the lawful owner of said Property and/or possessed the Property

with the knowledge and consent of another person." (D.I. 16-1 at 19)

The Court is not persuaded that Mr. Baker's initial claim failed to state his interest in the property, especially in light of the claim the DEA deemed valid. The government contends that based on the initial claim, "it is unclear whether Claimant is asserting that he was actually the owner of the property, simply possessing someone else's property, or perhaps some of each." (D.I. 17 at 6) However, the government does not argue that either of these property interests independently is insufficient to bring a claim under § 983(a). *See, e.g., Munoz-Valencia v. United States*, 169 F. App'x 150, 152 (3d Cir. 2006) (ownership or possessory interest is sufficient when claimant demonstrates dominion or control over property). The government also suggests that Baker "failed to specify what portion of the Currency was connected to each interest." (*Id.*) But the government's critiques of Baker's first claim apply with nearly equal force to Baker's second claim, in which he stated that he "owned and obtained and possessed the Property with the knowledge and consent of another person." (D.I. 16-1 at 32) That the DEA accepted the second claim suggests that the first claim also sufficiently stated Baker's interest. Nor is the Court persuaded that the and/or statement renders meaningless the perjury requirement of § 983(a)(2)(C)(iii). Accordingly, the Court agrees that Baker's first claim triggered the 90-day deadline.

The government suggests, however, that even accepting that Baker's earlier filing triggered the 90-day time period to file the civil forfeiture complaint, that deadline should be equitably tolled.[3] A number of district courts have determined that the 90-day deadline set out in

---

[3] The government also suggests that Baker's second claim reset the filing deadline. *See United States v. Nine Thousand Six Hundred Thirty Dollars ($9630.00) in U.S. Currency*, 2006 WL 3813590, at *3 (D. Utah Dec. 21, 2006). The Court finds it unnecessary to decide this issue

§ 983(a)(3)(A) is subject to equitable tolling under appropriate circumstances. *See United States v. $34,796.49, more or less, in U.S. Currency*, 2015 WL 1643582, at *5 (S.D. Ala. Apr. 13, 2015); *United States v. $229,850.00 in U.S. Currency*, 50 F. Supp. 3d 1171, 1179-85 (D. Ariz. 2014); *In re Return of Seized $11,915 in U.S. Currency*, 2012 WL 2921221, at *3 (S.D. Cal. July 17, 2012); *Beck v. United States*, 2011 WL 862952, at *5 (D. Md. Mar. 10, 2011); *United States v. Thirty-Four Thousand Nine Hundred Twenty-Nine & 00/100 Dollars ($34,929.00) in U.S. Currency*, 2010 WL 481250, at *3 (S.D. Ohio Feb. 5, 2010); *United States v. $114,143.00 in U.S. currency seized from Michael J. Calash's vehicle*, 609 F. Supp. 2d 1321, 1322 (S.D. Fla. 2009); *$9,630*, 2006 WL 3813590, at *3; *Hammoud v. Woodard*, 2006 WL 381642, *4 (E.D. Mich. Feb. 17, 2006); *United States v. $39,480.00 in U.S. Currency*, 190 F. Supp. 2d 929, 932-33 (W.D. Tex. 2002); *see also Longenette v. Krusing*, 322 F.3d 758, 767-68 (3d Cir. 2003) (allowing equitable tolling of civil forfeiture statute, 19 U.S.C. § 1621).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is not available to cure "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." *Holland v. Florida*, 560 U.S. 631, 651 (2010) (internal quotation marks and citation omitted); *see also Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with other principles of equity, equitable tolling decisions "must be made on a case-by-case basis," allowing for flexibility and "avoiding mechanical rules." *Holland*, 560 U.S.

---

in light of its decision on equitable tolling.

at 649-50.

The Court agrees with the government that equitable tolling of the 90-day deadline is warranted here. The Court finds that the government acted diligently and in good faith in pursuing forfeiture. Under the DEA's view that Baker's first claim was inadequate, the government's complaint complied with the 90-day deadline, starting from the receipt of Baker's second claim. There is no indication that the government was acting in bad faith or attempting to prolong the proceedings, *see $39,480.00*, 190 F. Supp. 2d at 932, and the DEA is authorized to reject claims that fail to comply with the statutory requirements, *see Santos v. United States*, 2008 WL 896155, at *4 (D.R.I. Mar. 31, 2008). The Court's disagreement with the government's position as to the validity of the claim does not suggest that the DEA rejected the claim in bad faith. Nor did the government negligently miscalculate the deadline. Rather, the government adopted the position that Baker's use of an and/or statement did not clearly articulate his interest in the property and, therefore, was not a valid claim. The government communicated this concern to Baker to allow him to amend his claim and provided additional time to re-file. That the government took steps not required by the statute to ensure that Baker was aware of its view of the claim's deficiency, *see In re Seizure of $143,265.78 from Checking Account No. 1851349546 & $28,687.40 from Checking Account No. 1080022185*, 384 F. App'x 471, 475 (6th Cir. 2010), supports a finding of good faith.

Additionally, the "lack of clear, consistent, and binding authority" about how a claimant must describe his claim to the seized property presents the type of circumstances that indicate that equitable tolling is appropriate. *$229,850.00*, 50 F. Supp. 3d at 1184-85. The parties identify few cases on point, and those that address the issue simply announce that the claim must

"clearly articulate Defendant's interest and claim in the property." *Thompson*, 351 F. Supp. at 694. The parties present a genuine dispute over whether Baker's first claim clearly identifies a property interest as required by the statute. The government's position as to the inadequacy of Baker's original claim is not unreasonable, which weighs in favor of tolling the deadline. *See, e.g., $114,143.00*, 609 F. Supp. 2d at 1323; *$11,915*, 2012 WL 2921221, at *3.

As a result of tolling the 90-day deadline, Baker will experience a minor delay in the adjudication of his claim, but the Court is not persuaded that tolling is inequitable. *See, e.g., $229,850.00*, 50 F. Supp. 3d at 1184; *$39,480.00*, 190 F. Supp. 2d at 932-33. The government filed the complaint in the present action 106 days after the DEA received Baker's initial claim and just one week after Baker initiated proceedings to recover the seized currency under Federal Rule of Criminal Procedure 41(g). Baker will still have the opportunity to dispute the merits of the seizure before this Court. *See* 18 U.S.C. § 983(c); *see also $229,850.00*, 50 F. Supp. 3d at 1184; *Beck*, 2011 WL 862952, at *5; *$39,480.00*, 190 F. Supp. 2d at 933. Further, there is a "strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds." *$39,480.00*, 190 F. Supp. 2d at 933; *see also $34,796.49*, 2015 WL 1643582, at *6; *Beck*, 2011 WL 862952, at *5; *$34,929.00*, 2010 WL 481250, at *3.

In sum, the Court concludes that Baker's first claim triggered the 90-day deadline. The Court, however, determines that equitable tolling of that deadline is warranted here. Accordingly, the Court will deny Baker's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Baker's motion to dismiss. An appropriate Order follows.