IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 15-1190-LPS |
| SIX HUNDRED FOURTEEN THOUSAND THREE HUNDRED THIRTY-EIGHT DOLLARS AND NO CENTS ($614,338.00) IN UNITED STATES CURRENCY, | : | |
| Defendant *in rem*. | : | |

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiff United States of America's ("Plaintiff") motion to strike the claim and answer of Claimant Shawn Baker ("Claimant") pursuant to Federal Rule of Civil Procedure 37(d) as a sanction for Claimant's refusal to be deposed. (D.I. 35) For the reasons stated below, IT IS HEREBY ORDERED that the motion to strike Claimant's claim and answer (D.I. 35) is DENIED.

1. As Plaintiff correctly observes, "striking the claim and answer would have the same practical effect as entry of a default judgment against Claimant because it would bar him contesting the forfeiture of the Currency." (D.I. 35 at 4 n.2) Therefore, Plaintiff's motion is seeking a dispositive sanction.

2. Pursuant to Federal Rule of Civil Procedure 37(d), a court may sanction a party who, "after being served with proper notice," nonetheless fails "to appear for that person's deposition." When evaluating a Rule 37 sanction that would be "tantamount to default judgment," the court must weigh "(1) the extent of the party's personal responsibility; (2) the

prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("[W]e have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default judgment because they inevitably lead to liability for one party.").

3. First, it appears Claimant is personally responsible for failing to appear at his deposition. Plaintiff's brief states, "Claimant's Counsel advised Plaintiff that Claimant would not be appearing on the scheduled date" and that "continued litigation would not be forthcoming." (*See* D.I. 35 ¶ 10) (internal quotation marks omitted) Claimant has not filed a response disputing this. Thus, based on the limited record before the Court, it appears Claimant was aware of the date and time of his deposition and simply chose to not appear, making his absence a product of his own decisionmaking, and not a function of his counsel's failure to inform him of the deposition (or any other reason for which Claimant should not be held personally responsible). This weighs in favor of granting Plaintiff's motion.

4. Plaintiff has been prejudiced, at least to a limited degree, by Claimant's behavior. Plaintiff has a need to take Claimant's deposition, as "it is [Claimant's] assertion of ownership that Plaintiff must overcome to obtain forfeiture." *United States v. $2,164,341 in U.S. Currency*, 2013 WL 321768, at *3 (D. Ariz. Jan. 28, 2013), *aff'd sub nom. United States v. Cornejo-Reynoso*, 621 F. App'x 495 (9th Cir. 2015). Thus, Claimant's refusal to appear has

delayed the progression of this case towards trial and prejudiced Plaintiff. *See id.*; *see also Poulis*, 747 F.2d at 868 (affirming finding of prejudice where party "encountered lack of cooperation . . . in areas where the plaintiff should cooperate under the spirit of the federal procedural rules") (internal quotation marks omitted). However, Claimant's failure to appear is the first instance of Claimant not cooperating with discovery, and Plaintiff waited less than two months (without first filing a motion to compel Claimant's attendance) to file the instant motion. Thus, any prejudice Plaintiff has suffered is not enough to warrant dismissing Claimant's claim. *See Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984) ("Examples of . . . prejudice [weighing substantially in favor of dismissal] are the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.").

5. There is a limited history of dilatoriness in this case. The parties have exchanged multiple sets of interrogatories, and all discovery deadline extensions appear to have been requested in good faith. (*See* D.I. 14, 18, 20, 27-29, 31) Moreover, Plaintiff has never sought a discovery order from the Court based on Claimant's behavior, and, accordingly, Claimant has not violated any discovery order compelling his appearance at a deposition or otherwise. Thus, the record before the Court is bereft of bad faith dilatory behavior by Claimant. This factor weighs strongly against granting Plaintiff's motion.

6. Claimant's conduct appears to be willful. Given that Claimant's counsel preemptively informed Plaintiff that Claimant would not be appearing at the deposition and stated that further litigation would not be forthcoming, the Court concludes Claimant's failure to appear was deliberate. Thus, while this is the first time Claimant has failed to meet his discovery

obligations, Claimant's counsel's statements do evidence a degree of "callous disregard" by Claimant for the proceedings that support sanctions. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

7. Given that Claimant stated he no longer intends to participate in this litigation (*see* D.I. 35 ¶ 10), it is unclear whether an alternative sanction will be effective in moving this case forward. However, the limited record of dilatory behavior suggests a less drastic sanction could perhaps be effective. In any event, allowing the case to go forward (and provide Claimant a final opportunity to meet his discovery obligations) would better serve the interests of justice than striking the claim. *See United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003) ("recommend[ing] the resolution of any doubts in favor of adjudication on the merits").

8. Finally, Claimant has raised a potentially meritorious defense. (*See* D.I. 7) "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. Claimant asserts that he acquired the seized property through legitimate means (revenue from his movies, loans, and investment), was using the property for legitimate ends (to woo a potential investor), and that he has no knowledge of, and did not consent to, any illegal activity that may be associated with the funds. (*See* D.I. 7 ¶ 3) Claimant's allegations go beyond a bare denial of knowledge or consent and, if proven at trial, would constitute a defense to Plaintiff's forfeiture proceeding. *See United States v. Premises Known as 717 S. Woodward St., Allentown, Pa.*, 2 F.3d 529, 533 (3d Cir. 1993) ("A claimant resisting forfeiture of property based on the innocent ownership defense must prove by a preponderance of

the evidence that the activity giving rise to forfeiture occurred either without the claimant's knowledge or without the claimant's consent."). Thus, this factor weighs against striking Claimant's claim.

9. In balancing these factors, the Court concludes that striking Claimant's claim and answer is not yet warranted. *See Poulis*, 747 F.2d at 869 ("Dismissal must be a sanction of last, not first, resort."). Claimant does not have a history of dilatory behavior, has not disobeyed a discovery order of the Court, and his allegations raise a potentially meritorious defense. Thus, while Claimant's failure to attend his deposition and counsel's statement that "continued litigation would not be forthcoming" are troubling, resort to the drastic sanction of striking Claimant's claim and answer is not yet appropriate. *See $8,221,877.16 in U.S. Currency*, 330 F.3d at 161 ("[T]he sanction of dismissal is disfavored absent the most egregious circumstances.").

10. Plaintiff may seek an order to compel Claimant's attendance at his deposition, and Claimant is warned that another failure to attend his deposition will result in dismissal of his claim. *See Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 (3d Cir. 2013).

IT IS FURTHER ORDERED that the parties shall meet and confer and, no later than February 16, 2018, submit a joint status report, including their proposal(s) for how this case should proceed.

February 13, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE