IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 15-1190-LPS |
| | : |
| SIX HUNDRED FOURTEEN | : |
| THOUSAND THREE HUNDRED | : |
| THIRTY-EIGHT DOLLARS AND | : |
| NO CENTS ($614,338.00) IN | : |
| UNITED STATES CURRENCY, | : |
| | : |
| Defendant *in rem*. | : |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff United States of America's ("Plaintiff") motion to strike the claim and answer of Claimant Shawn Baker ("Claimant") pursuant to Federal Rule of Civil Procedure 37(d) as a sanction for Claimant's refusal to be deposed and participate in discovery. (D.I. 44) For the reasons stated below, **IT IS HEREBY ORDERED** that Plaintiff's motion to strike Claimant's claim and answer (D.I. 44) is **GRANTED**.

1. As Plaintiff correctly observes, "striking the claim and answer would have the same practical effect as entry of a default judgment against Claimant because it would bar him [from] contesting the forfeiture of the Currency." (D.I. 44 at 5 n.2) Therefore, Plaintiff's motion is seeking a dispositive sanction.

2. Pursuant to Federal Rule of Civil Procedure 37(d), a court may sanction a party who, "after being served with proper notice," nonetheless fails "to appear for that person's deposition." When evaluating whether to impose a Rule 37 sanction that would be "tantamount to default judgment," the court must weigh "(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) ("[W]e have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default judgment because they inevitably lead to liability for one party.").

3. It appears Claimant is personally responsible for failing to appear at his deposition. Claimant has failed to appear for his deposition three times. (*See* D.I. 44 ¶¶ 9-10, 12-15) Each time, it appears Claimant was aware of the date and time of his deposition – or, at the very least, of his need to respond to counsel to learn when he needed to appear – and simply chose not to, making his absence a product of his own decisionmaking for which he can be held personally responsible. (*See, e.g.*, D.I. 38 at 1) ("The parties do not expect Claimant to appear for his deposition, as Claimant has been nonresponsive to recent efforts to communicate made by his counsel.") This factor weighs in favor of granting Plaintiff's motion.

4. Plaintiff has been prejudiced by Claimant's behavior. Plaintiff has a need to take Claimant's deposition, as "it is [Claimant's] assertion of ownership that Plaintiff must overcome to obtain forfeiture." *United States v. $2,164,341 in U.S. Currency*, 2013 WL 321768, at *3 (D. Ariz. Jan. 28, 2013), *aff'd sub nom. United States v. Cornejo-Reynoso*, 621 F. App'x 495 (9th Cir. 2015). Thus, Claimant's refusal to appear – by now, for just under eight months (*see* D.I. 30) (noticing Claimant's deposition for August 14, 2017) – has delayed the progress of this case

towards trial and prejudiced Plaintiff. *See $2,164,341 in U.S. Currency*, 2013 WL 321768, at *3; *see also Poulis*, 747 F.2d at 868 (affirming finding of prejudice where party "encountered lack of cooperation . . . in areas where the plaintiff should cooperate under the spirit of the federal procedural rules") (internal quotation marks omitted).

5. There is a history of dilatoriness in this case. For nearly eight months, Claimant has repeatedly failed to appear for his (repeatedly rescheduled) deposition. Claimant first failed to appear for his deposition in late August 2017, having informed Plaintiff two days before his scheduled deposition "that Claimant would not be appearing." (D.I. 44 ¶¶ 9-10) After Claimant failed to appear, Plaintiff moved to strike Claimant's claim and answer. (*See* D.I. 35) While the Court denied that motion, it warned Claimant "that another failure to attend his deposition w[ould] result in dismissal of his claim." (D.I. 37 ¶ 10) ("February 13, 2018 Order") Following the Court's order, Plaintiff renoticed Claimant's deposition for February 27, 2018. (*See* D.I. 39) After being served with notice of the deposition, Claimant's counsel once again advised Plaintiff that Claimant would not be appearing for the scheduled deposition. (D.I. 44 ¶ 13) Plaintiff then moved to compel Claimant's attendance. (*See* D.I. 40) The Court granted Plaintiff's motion, ruled that Plaintiff could renotice Claimant's "deposition for a date between March 15 and 25, 2018," and again warned Claimant that should he "not appear, the government may request that the Court strike the claim, dismiss the action, and/or enter default judgment, which the Court will then grant." (D.I. 41) Nonetheless, Claimant failed to appear for his renoticed March 23, 2018 deposition. (*See* D.I. 42 (noticing deposition for March 23, 2018); D.I. 44 ¶ 15) Thus, this factor weighs strongly in favor of granting Plaintiff's motion.

6. Claimant's conduct appears to be willful. As early as August 2017, Claimant's

counsel advised Plaintiff that "Claimant would not be appearing on the scheduled date" of his deposition and that "continued litigation would not be forthcoming." (D.I. 44 ¶ 10) Since that time, Claimant's counsel has been put in a position by his client of having to inform Plaintiff, and now the Court, that Claimant either would not be appearing for his scheduled deposition or was not expected to do so. (*See* D.I. 44 ¶ 13; D.I. 38 at 1) Additionally, the Court warned Plaintiff "that another failure to attend his deposition will result in dismissal of his claim." (D.I. 37 ¶ 10; *see also* D.I. 41) ("[S]hould claimant not appear, the government may request that the Court strike the claim, dismiss the action, and/or enter default judgment, which the Court will then grant.") Thus, Claimant was aware of the stakes of refusing to be deposed and nonetheless failed to appear. (D.I. 44 ¶ 15) Finally, Claimant has become nonresponsive to communications from counsel. (*See* D.I. 38 at 1) Claimant has demonstrated a "callous disregard" for the proceedings that indicates willfulness, if not also bad faith. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). This factor weighs strongly in favor of granting Plaintiff's motion.

7. Claimant's behavior since the Court's February 23, 2018 Order has confirmed that an alternative sanction will not be effective. *See Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 (3d Cir. 2013) (affirming district court dismissal of case where party ignored multiple warnings from court "that it would dismiss his case if he failed [to comply with court's orders]").

8. Claimant has raised a meritorious defense. (*See* D.I. 7) "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. Claimant asserts that he acquired the seized property through legitimate means (revenue

from his movies, loans, and investment), was using the property for legitimate ends (to woo a potential investor), and that he has no knowledge of, and did not consent to, any illegal activity that may be associated with the funds. (*See* D.I. 7 ¶ 3) Claimant's allegations go beyond a bare denial of knowledge or consent and, if proven at trial, would constitute a defense to Plaintiff's forfeiture proceeding. *See United States v. Premises Known as 717 S. Woodward St., Allentown, Pa.*, 2 F.3d 529, 533 (3d Cir. 1993) ("A claimant resisting forfeiture of property based on the innocent ownership defense must prove by a preponderance of the evidence that the activity giving rise to forfeiture occurred either without the claimant's knowledge or without the claimant's consent."). Thus, this factor weighs against striking Claimant's claim.

9. In balancing these factors, the Court concludes that striking Claimant's claim and answer is warranted. Though "[d]ismissal must be a sanction of last, not first, resort," the Court has given Claimant multiple opportunities to avoid this outcome and instead litigate this case to a trial on the merits. *Poulis*, 747 F.2d at 869. Claimant, however, has refused to be deposed, has defied a Court order to do so, and appears unwilling even to communicate with his counsel. Thus, striking Claimant's claim and answer is appropriate. *See Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 (3d Cir. 2013) (affirming district court dismissal).

**IT IS FURTHER ORDERED** that Claimant's claim (D.I. 7) and answer (D.I. 9) are **STRICKEN**. Plaintiff and Claimant shall confer and, no later than April 20, Plaintiff shall submit, on behalf of itself and Claimant, any additional order it proposes the Court enter.

April 13, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE